IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Juanita Green, | |
| Plaintiff, | Case No.: 4:20-cv-1025-SAL |
| v. | |
| Merrick Garland, Attorney General Bureau of Prisons, | OPINION AND ORDER |
| Defendants. | |

This matter is before the Court for review of the January 24, 2022 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 50]. In the Report, the Magistrate Judge recommends granting Defendant's motion for summary judgment, ECF No. 35. *Id.* For the reasons outlined herein, the Court adopts the Report in its entirety.

## BACKGROUND

Plaintiff Juanita Green ("Plaintiff") filed this employment action against her former employer, Bureau of Prisons, LLC ("BOP" or "Defendant"),[1] alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). [ECF No. 1, Compl.] Plaintiff also brings a state-law-based cause of action for intentional infliction of emotional

---

[1] Although both the Attorney General and BOP are named as Defendants, the parties and the Report address Defendant in the singular. For consistency, this Order does as well.

1

distress. *Id.* On June 28, 2021, Defendant filed a motion for summary judgment on all claims (the "Motion"). [ECF No. 35.] Plaintiff submitted a memorandum in opposition, and Defendant replied. [ECF Nos. 39, 42.] On January 24, 2022, the Magistrate Judge issued the Report that is the subject of this order. [ECF No. 50.] Attached to the Report was the notice of right to file objections. [ECF No. 50-1.] Plaintiff filed objections on February 7, 2022, and Defendant replied. [ECF Nos. 52, 55.] Accordingly, the matter is ripe for this court's review.

As an initial matter, the court notes that the Report sets forth, in great detail, the relevant facts and standards of law on this matter. Neither Plaintiff nor Defendant object to the Report's recitation of the facts, and accordingly this court incorporates those facts herein without another recitation.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing

*One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-cv-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff alleges that the Magistrate Judge erred in: (1) limiting the scope of her review of Plaintiff's discrimination and reprisal claims to mid-2015; (2) finding Plaintiff cannot establish a *prima facie* case of discrimination for her disability claims; and (3) finding that Plaintiff cannot demonstrate pretext on her reprisal (retaliation) claim. The court reviews each objection in accordance with the above standard.

**I. The Magistrate Judge appropriately limited her review.**

Plaintiff argues that the Magistrate Judge erred in limiting the scope of her review to mid-2015 when Defendant referred her to the Department of Labor's ("DOL") vocational rehabilitation program, thereby removing her from work. *See* [ECF No. 52 at 1, 6.] She contends that Defendant's failure to allow her to return to work from May 2015 to March 2018 constitutes a

3

"continuous act" involving one job and thus the Magistrate Judge should have considered this two-year period. *Id.* at 6.

The Magistrate Judge carefully considered and rejected this argument in her Report, explaining that only Plaintiff's second Equal Employment Opportunity ("EEO") charge is before this court for review, and the issues addressed therein do not include matters beyond the mid-2015 timeframe.[2] *See* [ECF No. 50 at 24–25]; *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."). To the extent Plaintiff's second EEO charge encompasses a failure-to-accommodate claim, the Magistrate Judge noted that her review of the claim is limited to Defendant's May 2015 action of involuntarily assigning Plaintiff without offering alternative employment—just as the agency's review was. *See id.* at 24 (citing the Final Agency Decision's ("FAD") consideration of Plaintiff's accommodation claim and ultimate finding that Defendant's actions in May 2015 did not violate the Rehabilitation Act.) Furthermore, the Report noted that Plaintiff's response to Defendant's Motion focused on the continuing *nature* of her damages in the two-year period she was out of work, rather than a continuing-violation theory. *See* [ECF No. 35 at 24.] The Report ultimately rejected her unsupported continuing damages argument. *Id.* at 25. ("Plaintiff cites no case law to support her argument that, simply because she continued to suffer damage, claims for alleged violations beyond her claim raised in September 2015 concerning mid-2015 events, are properly before the court.").

---

[2] The only issue "accepted" and investigated in Plaintiff's second EEO case was "whether [Plaintiff] was discriminated against on the bases of disability and reprisal when on [May] 10, 2015, she was involuntarily assigned to a vocational rehabilitation counselor and not provided an alternative option to maintain employment with the agency." *Id.* (citing ECF No. 50-51 (Agency Complaint Acceptance Letter)).

4

In her objections, Plaintiff appears to redefine her argument under a continuing violation theory. [ECF No. 43 at 9]; *see Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) ("The continuing violation theory allows for consideration of incidents that occurred outside the time bar when those incidents are part of a single, ongoing pattern of discrimination, i.e., when the incidents make up part of a hostile work environment claim."). Again, Plaintiff fails to support her argument beyond the conclusory assertion that Defendant keeping her out of work for two years is a "continuous act" of discrimination and retaliation. [ECF No. 43 at 2.]. Nor has she alleged a "hostile work environment" claim or provided evidence demonstrating a "pattern or practice" of ongoing discrimination. The court is unpersuaded that Plaintiff has alleged a "continuing violation" as opposed to the continued effects of Defendant's decision to remove her from her temporary light-duty assignment and refer her to vocational rehabilitation in May 2015. *See A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (noting "continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation").

The Magistrate Judge appropriately limited her review to the issues addressed in Plaintiff's second EEO complaint, and Plaintiff has failed to provide a sufficient justification for this court to exceed that scope of review. Accordingly, the court overrules her objection.

**II. The Magistrate Judge correctly found that Plaintiff cannot establish a *prima facie* case for her disability discrimination claims.**

Plaintiff argues the Magistrate Judge erred by finding that Plaintiff failed to establish her *prima facie* case for her claims of discrimination and failure to accommodate. To establish a *prima facie* case of discrimination, Plaintiff must show: (1) she has a disability; (2) she is otherwise qualified for the employment or benefit in question; and (3) she was excluded from the employment or benefit due to discrimination solely on the basis of the disability. [ECF No. 50 at 26 (citing *Doe*

5

*v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995)).] The Report focused on prong two—whether Plaintiff was otherwise qualified. This prong "turns on whether she could 'perform the *essential functions*' of her job 'with or without reasonable accommodation' from her employer." *Id.* (quoting 42 U.S.C. § 12111(8) (emphasis added)).

Similarly, to establish her failure to accommodate claim she must show: (1) she was an individual with a disability; (2) the employer had notice of her disability; (3) with reasonable accommodation she could perform the *essential functions of the position*; and (4) her employer refused to make such accommodations. *See id.* (citing *Griffin v. Holder*, 972 F. Supp. 2d 827, 847 (D.S.C. 2013)). Thus, both of Plaintiff's disability claims require her to demonstrate that she could perform the essential functions of her job.

Defendant's motion for summary judgment focused on whether Plaintiff could perform the essential function of using a firearm. Plaintiff argued that use of a firearm was not essential to her job as a correctional officer. The Report found that carrying a firearm *is* an essential function of a correctional officer's job, and Plaintiff's permanent "no-shooting" medical restriction prevented her from being able to fulfill that essential function, with or without accommodation. *See* [ECF No. 50 at 28.] In her objections, Plaintiff argues that the Report's finding does not construe the evidence in the light most favorable to her, but she fails to point to any specific example of the Report improperly crediting evidence or drawing inferences in favor of Defendant. Nor does this court find any. The Report's determination that shooting was an essential function for a correctional officer at FCI Williamsburg was supported by the BOP's job description for the position and the declaration of Daniel Whitehurst, an officer in the Office of Workers Compensation Program, regarding the physical requirements for staff positions within a federal prison. *See id.* at 28–29. Plaintiff disagrees with that determination, but the Report noted that

6

"other than her own feelings regarding whether shooting is an 'essential function' of being a correctional officer, Plaintiff cites no testimony or legal precedent to support her position that shooting is not an essential function for a correctional officer at FCI Williamsburg." *Id.* at 29. Likewise, Plaintiff's objections fail to point to testimony or legal precedent supporting her position.

In the absence of Plaintiff's specific objections to this portion of the Report, the court reviews it for clear error. *See* Diamond, 416 F.3d at 315. Finding none, this court adopts the Report's comprehensive and well-reasoned finding that Plaintiff is unable to establish her *prima facie* cases of discrimination or failure to accommodate. Defendant is therefore entitled to summary judgment on the claims.

### III. The Magistrate Judge correctly found that Plaintiff failed to demonstrate pretext on her reprisal claim.

Plaintiff argues that the Report erred in finding that Plaintiff failed to establish pretext on her reprisal (retaliation) claim. Plaintiff's reprisal claim alleges that Defendant removed her from temporary light-duty assignment and placed her in vocational rehabilitation because she filed an EEO case in September 2014. *See* [ECF No. 50 at 35.] Defendant offered a legitimate, non-discriminatory explanation, however, asserting that it referred Plaintiff to vocational rehabilitation once her physician, Dewey Ervin, M.D. ("Dr. Ervin"), reported that she had permanent physical restrictions preventing her from meeting the essential duties of her correctional officer position. *See id.* at 36. Thus, the burden shifted to Plaintiff to demonstrate that this reason was pretext for discrimination.

The pretext stage requires Plaintiff to show that "but for" her protected activity, Defendant would not have referred her to vocational rehabilitation and removed her from temporary light duty. *See id.* The Report found that, even if Plaintiff set forth sufficient evidence to establish the

7

*prima facie* element of causation, she was unable to meet the more stringent "causation" requirement at the pretext stage. *See* [ECF No. 60 at 35.] Although Plaintiff pointed to two potential comparators as evidence of pretext, the Report noted that she failed to provide evidence as to the comparators' duty status or work restrictions sufficient to allow an appropriate comparison. *Id.*

Plaintiff makes no objection to the Report's finding that her proffered comparator evidence was insufficient. Instead, she argues that Defendant's proffered explanation was false. Plaintiff contends that if the reason was truly about her ability to perform the essential functions of her job, Defendant would have returned her to her position in January 2016 when Donald Getz, M.D. conducted a "fitness for duty examination" and determined that Plaintiff was able to perform the essential requirements of her employment without restriction. *See* [ECF No. 52 at 7.] However, subsequent to the examination, the Department of Labor ("DOL") sent Plaintiff for a second opinion where Dowse D. Rustin, M.D. concurred with Dr. Dewey's earlier finding that Plaintiff's restrictions were permanent and advised that she "not return to [her] duties as a correctional officer" because "[e]ven with restrictions it would place her in harm's way for recurrent problems." [ECF No. 50 at 8.] Considering this 2016 evidence in the light most favorable to Plaintiff, it still fails to establish a genuine issue of material fact regarding whether Defendant's explanation for removing her from work in 2015 was pretext for retaliation.

Accordingly, the court agrees with the Report's assessment that Plaintiff has failed to show that Defendant would not have removed her from her light-duty assignment and referred her to the vocational rehabilitation program "but for" her first EEO complaint. As a result, Defendant is entitled to summary judgment on Plaintiff's reprisal claim.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report, ECF No. 50, in its entirety and hereby incorporates the Report by reference. As a result, Defendant's motion for summary judgment, ECF No. 35, is **GRANTED**.

**IT IS SO ORDERED.**

March 28, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge